# COURT OF APPEALS
## DECISION
## DATED AND FILED

### June 13, 2023

Sheila T. Reiff
Clerk of Court of Appeals

## NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

| | |
|---|---|
| **Appeal Nos.** **2022AP2168** | Cir. Ct. Nos. **2020TP2** |
| **2022AP2169** | **2020TP3** |
| **2022AP2170** | **2020TP4** |
| **2022AP2171** | **2020TP5** |

**STATE OF WISCONSIN**                **IN COURT OF APPEALS**
**DISTRICT III**

---

NO. **2022AP2168**

IN RE THE TERMINATION OF PARENTAL RIGHTS TO A. H.,
A PERSON UNDER THE AGE OF 18:

BROWN COUNTY HEALTH AND HUMAN SERVICES,

PETITIONER-RESPONDENT,

V.

T. H.,

RESPONDENT-APPELLANT.

---

NO. **2022AP2169**

IN RE THE TERMINATION OF PARENTAL RIGHTS TO A. H.,
A PERSON UNDER THE AGE OF 18:

BROWN COUNTY HEALTH AND HUMAN SERVICES,

PETITIONER-RESPONDENT,

V.

**T. H.,**

   **RESPONDENT-APPELLANT.**

---

**NO. 2022AP2170**

**IN RE THE TERMINATION OF PARENTAL RIGHTS TO A. S.,
A PERSON UNDER THE AGE OF 18:**

**BROWN COUNTY HEALTH AND HUMAN SERVICES,**

   **PETITIONER-RESPONDENT,**

   V.

**T. H.,**

   **RESPONDENT-APPELLANT.**

---

**NO. 2022AP2171**

**IN RE THE TERMINATION OF PARENTAL RIGHTS TO A. G.,
A PERSON UNDER THE AGE OF 18:**

**BROWN COUNTY HEALTH AND HUMAN SERVICES,**

   **PETITIONER-RESPONDENT,**

   V.

**T. H.,**

   **RESPONDENT-APPELLANT.**

---

APPEALS from orders of the circuit court for Brown County: JOHN ZAKOWSKI, Judge. *Affirmed*.

¶1    GILL, J.[1]  Terese[2] appeals orders terminating her parental rights (TPR) to her four children, Wren, Adam, Annette and Avonna.[3]  Terese argues that the circuit court erroneously exercised its discretion when it determined that it was in the children's best interests to terminate her parental rights at the dispositional hearing.[4]  Brown County Health and Human Services asserts that the court properly considered and applied the statutory dispositional factors to each of Terese's children and did not erroneously exercise its discretion by terminating her parental rights.  We agree, and therefore affirm.

## BACKGROUND

¶2    In October 2017, the County filed a child in need of protection or services (CHIPS) petition for each of Terese's four children.  The petitions listed

---

[1]  These appeals are decided by one judge pursuant to WIS. STAT. § 752.31(2) (2021-22).  All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

Cases appealed under WIS. STAT. RULE 809.107 are "given preference and shall be taken in an order that ensures that a decision is issued within 30 days after the filing of the appellant's reply."  RULE 809.107(6)(e).  Conflicts in this court's calendar have resulted in a delay.  It is therefore necessary for this court to sua sponte extend the deadline for a decision in this case.  *See* WIS. STAT. RULE 809.82(2)(a); ***Rhonda R.D. v. Franklin R.D.***, 191 Wis. 2d 680, 694, 530 N.W.2d 34 (Ct. App. 1995).  Accordingly, we extend our deadline to the date this decision is issued.

[2]  For ease of reading, we refer to the appellant and the children in this confidential matter using pseudonyms, rather than their initials.

[3]  These consolidated appeals involve four separate TPR orders, one for each of the children.  The petition for each child is identical, and this matter was treated as a consolidated case in the circuit court throughout those proceedings.  Each child's father was found in default, and the fathers' rights are not at issue in these appeals and will not be discussed further.

[4]  In her brief-in-chief, Terese argued that the circuit court lost competency to hold the dispositional hearing.  However, Terese conceded this issue in her reply brief and, therefore, we do not discuss it further.

the following conditions for Terese to complete for reunification with her children: obtain and maintain safe housing; attend and ensure the children attend all medical appointments; comply with the visitation schedule; demonstrate the ability to provide for the children's financial needs; and cooperate with the County and the assigned social worker.

¶3 In April 2019, the circuit court suspended Terese's visitation with her children and added six additional conditions for Terese to complete in order to reunify with her children. Terese was required to: meet with the County every other week for two consecutive months; complete a psychological evaluation; follow any recommendations from the psychologist; participate in counseling; enroll in a parenting program and attend four consecutive classes; and comply with the communication schedule for the children.

¶4 In January 2020, the County filed TPR petitions for each of Terese's children based on the grounds of abandonment (three months), pursuant to WIS. STAT. § 48.415(1)(a)2., and continuing CHIPS, pursuant to § 48.415(2)(a). After the circuit court found Terese in default and then vacated the default, amended petitions were filed adding an additional ground: continuing denial of periods of physical placement or visitation pursuant to § 48.415(4). The County then filed a motion for partial summary judgment alleging that there was no genuine issue of material fact as to whether that TPR ground was met. In February 2021, the court granted the County's motion for partial summary judgment.

¶5 In June 2022, the circuit court held a dispositional hearing. At that hearing, a County caseworker, a former guardian, Terese, and one of the children's fathers testified. Ultimately, the caseworker believed that terminating Terese's

4

parental rights to the children was in their best interests because of the closure and permanency it would bring to the children.

¶6     Terese testified about her efforts to reinstate her visitation with her children and to reunite with them.   Terese testified that she maintained a two-bedroom home where the children could live; worked two jobs; paid her rent; planned to obtain her GED and a driver's license; and had only one active pending criminal case.   As to the conditions ordered by the circuit court, Terese testified that she had completed the psychological examination, the parenting classes, and was previously involved in counseling.   Terese testified that part of the reason she was unable to complete her court-ordered conditions was due to issues with her social worker.

¶7     The circuit court filed a written decision addressing the six dispositional factors and terminating Terese's parental rights to each of her four children.[5]   Addressing the time of separation, the court noted that "[t]he length of

---

[5]   The six factors that a circuit court must consider at the dispositional hearing are:

> (a) The likelihood of the child's adoption after termination.
>
> (b) The age and health of the child, both at the time of the disposition and, if applicable, at the time the child was removed from the home.
>
> (c) Whether the child has substantial relationships with the parent or other family members, and whether it would be harmful to the child to sever these relationships.
>
> (d) The wishes of the child.
>
> (e) The duration of the separation of the parent from the child.

(continued)

time has been extremely long" and the children "have grown and developed away from [Terese]." Regarding the wishes of the children, the court wrote that the "evidence shows these children want the court to grant the termination." Specifically, the court stated that Wren expressed that she was nervous that the court would send her home with her mother; Adam stated he strongly wished for his mother's parental rights to be terminated; Avonna referred to her current provider as her mother; and Annette was too young to express an opinion. The court noted that there were significant reasons why the children felt this way and that "[t]here ha[d] been trauma," and the court inferred that Terese "ha[d] placed some of the children in 'unthinkable' situations in the past." The court also found that each of the remaining dispositional factors weighed in favor of terminating Terese's parental rights.

¶8      The circuit court did recognize the recent efforts made by Terese to comply with her court-ordered conditions and acknowledged "the progress [Terese] ha[d] recently made concerning certain conditions including completing her psychological evaluation, parenting classes, employment and housing." The court further noted how Terese maintained a house; kept up with her rent; had two jobs; and that most of her criminal history happened prior to her children being

---

> (f) Whether the child will be able to enter into a more stable and permanent family relationship as a result of the termination, taking into account the conditions of the child's current placement, the likelihood of future placements and the results of prior placements.

WIS. STAT. § 48.426(3).

6

born. However, the court found that Terese's issues with her social worker did not provide a credible reason for her failure to comply with her conditions.

¶9    Terese now appeals the circuit court's decision to terminate her parental rights to her four children. Additional facts will be provided as necessary below.

## DISCUSSION

¶10    "Wisconsin has a two-part statutory procedure for the involuntary termination of parental rights." *Steven V. v. Kelley H.*, 2004 WI 47, ¶24, 271 Wis. 2d 1, 678 N.W.2d 856. The first part consists of a fact-finding hearing where the "burden is on the petitioner to demonstrate by clear and convincing evidence that grounds for termination exist." *Brown Cnty. Dep't of Hum. Servs. v. Brenda B.*, 2011 WI 6, ¶32, 331 Wis. 2d 310, 795 N.W.2d 730. The second part is the dispositional phase which "consists of another evidentiary hearing in which [a] circuit court determines whether termination of parental rights is in the child's best interests."[6] *State v. Shirley E.*, 2006 WI 129, ¶28, 298 Wis. 2d 1, 724 N.W.2d 623. In making that determination, a circuit court "'should welcome' any evidence relevant to the issue of disposition, including any 'factors favorable to the parent,' and must at a minimum consider the six 'best interests' factors set forth in WIS. STAT. § 48.426(3)." *Steven V.*, 271 Wis. 2d 1, ¶27 (citation omitted).

---

[6] Terese does not argue on appeal that the circuit court improperly granted partial summary judgment during the grounds phase of the TPR proceedings, only that the court erroneously exercised its discretion during the dispositional phase of the proceedings. As such, we focus solely on the court's findings during the dispositional phase.

¶11    A circuit court's decision whether to terminate a person's parental rights is "committed to the circuit court's discretion, and will not be overturned unless that discretion is erroneously exercised." *Waukesha Cnty. Dep't of Health & Hum. Servs. v. Teodoro E.*, 2008 WI App 16, ¶25, 307 Wis. 2d 372, 745 N.W.2d 701 (2007).  A "court properly exercises its discretion when it employs a rational thought process based on an examination of the facts and an application of the correct standard of law." *Sheboygan Cnty. Dep't of Health & Hum. Servs. v. Julia A.B.*, 2002 WI 95, ¶43, 255 Wis. 2d 170, 648 N.W.2d 402.

¶12    Terese argues that the County presented insufficient evidence for the circuit court to determine that it was in the children's best interests to terminate Terese's parental rights to each of her four children.  Specifically, Terese argues that the court did not sufficiently account for the fact that she has changed in positive ways and the court failed to give sufficient weight to her recent efforts. Terese therefore contends that the court erroneously exercised its discretion when it terminated her parental rights to her children.

¶13    We disagree.  As the County notes, the focus at the dispositional phase is on the best interests of the children, not on the parent. *See Shirley E.*, 298 Wis. 2d 1, ¶28.  Here, we conclude that the County presented sufficient evidence that could allow the circuit court to determine that termination of Terese's parental rights was in the children's best interests.

¶14    The circuit court examined the facts and properly considered the factors required under WIS. STAT. § 48.426(3).  Regarding adoptability, the caseworker testified that each child had a high likelihood of adoption after termination.  The caseworker stated that both Wren and Adam would find

"closure" with adoption, and that both Annette and Avonna, placed together but separately from the two other children, were ready for adoption with their current placement. Addressing the ages and health of the children, the caseworker testified that Wren, Adam and Annette had mental health challenges; that Wren is "prediabetic"; and that Avonna, the youngest, is deaf.

¶15 Addressing the children's relationships with Terese and other family members and the wishes of the children, the records for these cases show a strained relationship between the children and Terese. The caseworker testified that Wren and Adam wanted their mother's parental rights to be terminated. The caseworker explained that Wren was "nervous" about returning to Terese's care and that Adam stated that he "does not want a relationship with [Terese]" and that "he does not want to ever see [Terese] again." Annette and Avonna considered their current placement as their family, and Annette referred to her current foster parent as her mother. The caseworker noted that Avonna had been out of the home since she "was very young," so she had no substantial bond with Terese. The caseworker opined that given the children's lack of a substantial relationship with Terese and other family members, and based upon that lack of relationship, the children would suffer no harm from if Terese's parental rights were terminated.

¶16 The County also presented evidence that the separation between Terese and her children had been substantial and ongoing since October 2017. The children were initially removed from their maternal grandfather's care, not Terese's care, indicating an even longer separation from Terese.

¶17    The caseworker further testified that termination would allow for each child to enter into a more stable and permanent family relationship, one that would allow them to find closure and permanence.  This was particularly true for the eldest child, Wren.  The caseworker testified that the termination of Terese's parental rights would "give [Wren] the ability to not constantly live in fear" and "give her the ability to find closure."

¶18    Based upon the foregoing evidence, we conclude that the circuit court did not erroneously exercise its discretion when it terminated Terese's parental rights to her four children.  The court structured its written decision in a fashion that analyzed each of the six dispositional factors for each of the children.  The court employed a rational thought process and weighed the important factors that were supported by the record, noting that it found the length of separation and the children's wishes to be the two factors that weighed most heavily in favor of termination.

¶19    In response, Terese argues that the circuit court did not properly consider her recent progress.  As noted above, however, Terese is incorrect as the court did, in fact, acknowledge her recent efforts.  The specific facts that Terese points to on appeal—maintaining a home; working two jobs; paying rent; and having a few active criminal cases—are all facts that the court weighed in its written decision.

¶20    While the circuit court considered it encouraging that Terese had made progress toward meeting her court-ordered conditions, it reasonably weighed the various dispositional factors at the hearing and nonetheless concluded that despite Terese's progress, termination was in the children's best interests.  The

10

court employed "a rational thought process," based on the facts of the cases, and used the correct standard of law, *see Julia A.B.*, 255 Wis. 2d 170, ¶43. The fact that the court did not rule in Terese's favor is not equivalent to it improperly exercising its discretion.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

11