(81 JV 27212.) IN the INTEREST OF M.D.(S), a child under the age of 18:

A.S., Appellant-Petitioner,

v.

STATE of Wisconsin, Respondent.

(84 JV 449.) IN the INTEREST OF R.A., Jr., a child under the age of 18:

A.S., Appellant-Petitioner,

v.

STATE of Wisconsin, Respondent.

(86 JV 205.) IN the INTEREST OF E.A., a child under the age of 18:

A.S., Appellant-Petitioner,

v.

STATE of Wisconsin, Respondent. [Case No. 90-0659.]

(84 JV 449.) IN the INTEREST OF R.A., Jr., a person under the age of 18:

R.A., Sr., Appellant-Petitioner,

v.

STATE of Wisconsin, Respondent.

(84 JV 449.) IN the INTEREST OF E.A., a person under the age of 18:

R.A., Sr., Appellant-Petitioner,

v.

STATE of Wisconsin, Respondent.

(86 JV 205.) IN the INTEREST OF E.A., a person under the age of 18:

R.A., Sr., Appellant-Petitioner,

v.

STATE of Wisconsin, Respondent. [Case No. 90-1369.]

Supreme Court

996

*Nos. 90-0659, 90-1369. Oral argument May 27, 1992.—Decided June 17, 1992.*

(Also reported in 485 N.W.2d 52.)

For the appellants-petitioners there were briefs by *Richard J. Auerbach* and *Auerbach & Porter,* and *Shel-*

ley *J. Gaylord* and *Gaylord & Schuett,* all of Madison and oral argument by *Richard J. Auerbach* and *Shelley J. Gaylord.*

For the respondent there was a brief by *Donald W. Becker* and *Lawton & Cates,* and *Rodney Knight* and *Linda C. Krueger,* Corporation Counsel, all of Madison and oral argument by *Mr. Becker.*

CALLOW, WILLIAM G., J. This is a review under sec. (Rule) 809.62, Stats., of a published decision of the court of appeals, *In Interest of M.D.(S),* 163 Wis. 2d 687, 472 N.W.2d 819 (Ct. App. 1991), which affirmed a decision of the circuit court for Dane County, Judge Daniel R. Moeser. The court of appeals held that a statutory right to appointment of counsel in a termination of parental rights proceeding does not encompass a right to *effective* counsel. The sole issue on review is whether the petitioners were entitled to effective counsel where a statute confers the right to appointed counsel in a termination of parental rights proceeding.

The relevant facts are not in dispute. The petitioners, A.S. and R.A., Sr., are husband and wife. A.S. is the mother of all three children involved in this case, and R.A., Sr., is the father of two of them.[1] The children were raised by their parents until they were removed from their parents' custody pursuant to three separate CHIPS proceedings under sec. 48.355, Stats. The children have remained in foster care since their removal from the parents' custody.

In November, 1988, proceedings were commenced by Dane County Social Services to terminate the parental rights of the children's biological parents on grounds

---

[1]Even though R.A., Sr., is the biological father to only two of the children, he is treated by the parties, for purposes of this review, as the parent to all three children.

of abandonment under sec. 48.415(1), Stats., and continuing CHIPS under sec. 48.415(2), Stats. The circuit court determined that both parents were indigent and the State Public Defender appointed counsel for each pursuant to sec. 48.23(2)(a), Stats.

Following a consolidated jury trial, the circuit court entered orders terminating the parental rights of the petitioners based on the continuing CHIPS status of the children.[2] Appellate counsel was appointed for each petitioner and the petitioners filed motions with the circuit court for post-termination relief. Among other things, petitioners argued that their trial counsel were ineffective because they failed to raise certain legal objections that were both substantive and procedural in nature. Specifically, they claimed that their trial counsel should have objected to the sufficiency of the statutory notice required under sec. 48.356(2), Stats., and that their trial counsel should not have stipulated to limit the proof required to be established by the county at trial without the consent of the petitioners.

Judge Moeser did not address the merits of the petitioners' motions but denied them on the basis that insufficient time remained under sec. 809.30(2)(i), Stats., to adequately analyze and decide the motions.[3] Petitioners

---

[2]The jury also found abandonment on behalf of the parents. However, the abandonment verdict was set aside by Judge Moeser due to technical flaws in the special verdict questions submitted to the jury. The court of appeals subsequently reinstated the jury findings that abandonment had taken place. The parties did not raise the abandonment issue in this review.

[3]Section 809.40(1), Stats., provides:

**809.40 Rule (Applicability). (1)** An appeal to the court of appeals from a judgment or order in a misdemeanor case or a ch. 48, 51 or 55 case, or a motion for postconviction relief in a misdemeanor case must be initiated within the time periods specified in s. 808.04 and is governed by the procedures specified in ss. 809.30 to 809.32.

appealed the decision of the circuit court to the court of appeals which affirmed the circuit's decision on the ground that, even though the parents had a statutory right to appointed counsel, they were not entitled to *effective* assistance of counsel. The court of appeals reasoned that the right to effective assistance of counsel is only present when a right to counsel is mandated by constitutional law. *In Interest of M.D.(S),* 163 Wis. 2d at 694.

Pursuant to *Mathews v. Eldridge,* 424 U.S. 319, 335 (1976), the court of appeals performed a balancing of the private interests, the government's interests, and the risk of an erroneous result to determine whether constitutional law requires the effective assistance of counsel. The court of appeals concluded that the petitioners in this case had no constitutional right to effective counsel because (1) no criminal charges were filed against the petitioners, (2) the termination of parental rights proceedings presented no specially troublesome or complex points of law, (3) the presence of counsel would not have made a difference in the outcome of the proceedings, and (4) the petitioners had neither inquired about nor communicated with the children for a considerable period of time prior to the commencement of the proceedings to terminate their parental rights.

■

On review, the petitioners set forth two arguments to support their contention that they were entitled to the

---

Section 809.30(2)(i), Stats., provides:

**809.30 Rule (Appeals in felony cases). . . . (2)** APPEAL OR POSTCONVICTION MOTION BY DEFENDANT. . . . (i) The trial court shall determine by an order the defendant's motion for postconviction relief within 60 days of its filing or the motion is considered to be denied and the clerk of the trial court shall immediately enter an order denying the motion.

effective assistance of counsel. First, the petitioners argue that the Due Process Clause of the Fifth Amendment to the United States Constitution mandates that they receive the effective assistance of counsel in connection with Wisconsin's complex termination of parental rights proceedings. Second, the petitioners argue that the Due Process Clause requires that counsel appointed pursuant to a statute must be effective. Because we conclude that the Wisconsin legislature intended that "represented by counsel" under sec. 48.23(2)(a), Stats., and representation by appointed counsel under sec. 48.23(4), Stats., and other statutes dealing with appointed counsel include the right to *effective* counsel, we do not reach either of the petitioners' constitutional arguments.

Section 48.23(2)(a), Stats., provides that "[i]f a proceeding involves a contested adoption or the involuntary termination of parental rights, any parent 18 years old or older who appears before the court shall be represented by counsel . . .." Section 48.23(4), Stats., further provides:

> In any situation under sub. (2) in which a parent is entitled to representation by counsel . . . and it appears that the parent is unable to afford counsel in full, or the parent so indicates; the parent shall refer the parent to the authority for indigency determinations specified under s. 977.07(1). In any other situation under this section in which a person has a right to be represented by counsel or is provided counsel at the discretion of the court, competent and independent counsel shall be provided and reimbursed in any manner suitable to the court regardless of the person's ability to pay.

This court has previously recognized that sec. 48.23(2), Stats., is somewhat ambiguous because it does not define what "represented" means. However, we have

held that merely "engaging" an attorney does not satisfy the statutory requirement that parents involved in a termination of parental rights proceeding "shall be represented by counsel." *In re M.A.M. v. Monroe County Dept. of Human Services,* 116 Wis. 2d 432, 438, 342 N.W.2d 410 (1984). It is axiomatic that the right to be represented by appointed counsel is worthless unless that right includes the right to *effective* counsel.[4] Representation by counsel means more than just having a warm body with "J.D." credentials sitting next to you during the proceedings.

A parent's right to the custody and care of his or her children is an extremely important interest that demands protection and fairness. The dissenting opinion in the court of appeals points out that in *Santosky v. Kramer,* 455 U.S. 745, 763–64 (1982), the United States Supreme Court recognized the formidable task faced by parents in defending themselves against the involuntary termination of their parental rights:

> The State's ability to assemble its case almost inevitably dwarfs the parents' ability to mount a defense. No predetermined limits restrict the sums an agency may spend in prosecuting a given termination proceeding. The State's attorney usually will be expert on the issues contested and the procedures employed at the factfinding hearing, and enjoys full access to all public records concerning the family.

[4]*See also Evitts v. Lucey,* 469 U.S. 387, 395 (1984); *Strickland v. Washington,* 466 U.S. 668, 685 (1984); *Cuyler v. Sullivan,* 446 U.S. 335, 344 (1980); *McMann v. Richardson,* 397 U.S. 759, 771 n.14 (1970); and *Avery v. Alabama,* 308 U.S. 444, 446 (1940), all of which recognized that under the Sixth Amendment the "right to counsel" means the right to effective assistance of counsel.

The State may call on experts in family relations, psychology, and medicine to bolster its case. Furthermore, the primary witnesses at the hearing will be the agency's own professional caseworkers whom the State has empowered both to investigate the family situation and to testify against the parents. Indeed, because the child is already in agency custody, the State even has the power to shape the historical events that form the basis for termination.

*See In Interest of M.D.(S),* 163 Wis. 2d at 704-05 (Sundby, J., dissenting). The legislature has, thus, provided for the parents to be "represented by counsel." We conclude that where the legislature provides the right to be "represented by counsel" or represented by "appointed counsel," the legislature intended that right to include the *effective* assistance of counsel.

Recently, in *In re Paternity of P.L.S.,* 158 Wis. 2d 712, 463 N.W.2d 403 (Ct. App. 1990), the court of appeals held that a respondent contesting a paternity action had no constitutional right to *effective* counsel where counsel was appointed pursuant to sec. 767.52(1), Stats. *P.L.S.,* 158 Wis. 2d at 722. In accordance with decisions by the United States Supreme Court, the court of appeals determined that the respondent in *P.L.S.* had no special constitutionally protected interest in (1) his paternal status, or (2) the financial responsibility accompanying a finding that he is the father of the child. *Id.* at 720-22. Similarly, in *In Interest of S.S.K.,* 143 Wis. 2d 603, 422 N.W.2d 450 (Ct. App. 1988), the court of appeals held that a parent who is appointed counsel under sec. 48.23(2)(b), Stats., in a CHIPS proceeding is not constitutionally entitled to the effective assistance of such counsel. *S.S.K.,* 143 Wis. 2d at 611. Because we conclude that a statutory provision for appointed coun-

sel includes the right to *effective* counsel, we overrule the decisions of the court of appeals in *P.L.S.* and *S.S.K.*

■

The effectiveness of trial counsel in this case has been challenged on several grounds. *Strickland v. Washington*, 466 U.S. 668 (1984), sets forth a two-prong test to determine whether trial counsel was ineffective. In *State v. Harvey*, 139 Wis. 2d 353, 407 N.W.2d 235 (1987), we adopted the *Strickland* analysis to determine whether trial counsel was ineffective in criminal cases. We believe that the *Strickland* test also has application to proceedings for the involuntary termination of parental rights.

*Strickland* adopted a two-pronged test, as follows:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the [S]ixth [A]mendment.

> Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Harvey*, 139 Wis. 2d at 375. Both requirements must be met in order for there to be a finding that trial counsel was ineffective. We note that the *Strickland* court stated:

> Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice. So are various kinds of state interference with counsel's assistance. . . . Prejudice in these circumstances is so likely that case-by-case inquiry into prejudice is not worth the cost.

1005

*Strickland,* 466 U.S. at 692 (citations omitted).

In the present case, the county argues that even if the petitioners were entitled to effective assistance of counsel, their trial counsel were effective. The petitioners do not address the effectiveness of trial counsel but rather focus solely on the issue before this court of whether they were entitled to the assistance of effective counsel. Because the issue regarding the effectiveness of trial counsel was not originally before us and the record is not sufficiently developed on this issue, we remand this case to the circuit court for an assessment of the effectiveness of petitioners' trial counsel. Testimony from petitioners' trial counsel should be elicited to discover the underlying reasons for the trial counsels' actions and inactions.

> . . . [W]here a counsel's conduct at trial is questioned, it is the duty and responsibility of subsequent counsel to go beyond mere notification and to require counsel's presence at the hearing in which his conduct is challenged . . . [I]t is a prerequisite to a claim of ineffective representation on appeal to preserve the testimony of trial counsel. We cannot otherwise determine whether trial counsel's actions were the result of incompetence or deliberate trial strategies. In such situations, then, it is the better rule, and in the client's best interests, to require trial counsel to explain the reasons underlying his handling of a case.

*State v. Machner,* 92 Wis. 2d 797, 804, 285 N.W.2d 905 (Ct. App. 1979).

For the foregoing reasons, the decision of the court of appeals is reversed and the case is remanded to the circuit court for proceedings not inconsistent with this court's decision and opinion.

1006

*By the Court.*—The decision of the court of appeals is reversed and the case is remanded.