FITZPATRICK, J.[1]
¶1 L.O.O. appeals an order of the Juneau County Circuit Court granting summary judgment in the grounds phase of L.O.O.'s termination of parental rights case. L.O.O. argues that he has raised genuine issues of material fact concerning each period of abandonment alleged by petitioner, Juneau County Department of Human Services. Additionally, L.O.O. contends that he received ineffective assistance of counsel. I conclude that there is no genuine issue of material fact as to one of the alleged periods of abandonment. I also conclude that L.O.O. was not prejudiced by his counsel's performance. Accordingly, I affirm.
BACKGROUND
¶2 The following undisputed, material facts are drawn from the record.[2]
¶3 In March 2017, the County filed a petition for termination of parental rights against L.O.O. regarding the minor child, A.D.O. As grounds for termination of parental rights, the County alleged abandonment under WIS. STAT. § 48.415(1)(a)2. L.O.O. denied the grounds for termination and demanded a jury trial.
¶4 On September 20, 2017, the County filed a motion for partial summary judgment and alleged six three-month periods of abandonment. Because the petitioner must establish only one period of abandonment to satisfy the requirements of WIS. STAT. § 48.415(1)(a)2., the following Discussion focuses on the period from January 28, 2016 to May 2, 2016.
¶5 L.O.O. also claims that he received ineffective assistance of counsel. The basis for L.O.O.'s ineffective assistance claim is that counsel failed to further investigate and interview L.O.O.'s mother, with whom A.D.O. resided between June 5, 2012 and July 31, 2014. L.O.O. contends that, had counsel further investigated and interviewed L.O.O.'s mother, L.O.O. could have raised genuine issues of material fact for each alleged period of abandonment.
DISCUSSION
¶6 For the reasons discussed, I conclude that the County has shown there is no genuine issue of material fact that a three-month period of abandonment occurred from January 28, 2016 to May 2, 2016. I also conclude that L.O.O. was not prejudiced by his counsel's performance.
I. Standard of Review, Summary Judgment, Abandonment, and Ineffective Assistance of Counsel.
¶7 This court reviews a circuit court's grant of summary judgment de novo, applying the same methodology as the circuit court. State v. Bobby G. , 2007 WI 77, ¶ 36, 301 Wis. 2d 531, 734 N.W.2d 81. The methodology for summary judgment is well established. First, the court considers the moving party's affidavits and other proof to determine whether the movant has made a prima facie case for summary judgment. L.L.N. v. Clauder , 209 Wis. 2d 674, 683, 563 N.W.2d 434 (1997).
If a moving party has made a prima facie case for summary judgment, the opposing party must show, by affidavit or other proof, the existence of disputed material facts or undisputed material facts from which reasonable alternative inferences may be drawn that are sufficient to entitle the opposing party to a trial.
Id. Thus, summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Bobby G. , 301 Wis. 2d 531, ¶ 36 ; WIS. STAT. § 802.08(2).
¶8 In a proceeding to terminate parental rights on abandonment grounds, the petitioner must prove: (1) that the child has been placed, or continued in a placement, outside the parent's home by a court order; (2) that the court order contained the required notice; and (3) that the parent failed to visit or communicate with the child for a period of three months or longer. WIS. STAT. § 48.415(1)(a)2.
¶9 If petitioner has made a prima facie case, the burden shifts to the parent to prove by a preponderance of the evidence that the parent had good cause for having failed to visit or communicate with the child throughout the alleged period of abandonment. WIS. STAT. § 48.415(1)(c)1., 2. ; see also Odd S.-G. v. Carolyn S.-G. , 194 Wis. 2d 365, 372, 533 N.W.2d 794 (1995).
¶10 Our supreme court has cautioned that "summary judgment will ordinarily be inappropriate in [termination of parental rights] cases premised on these fact-intensive grounds for parental unfitness." Bobby G. , 301 Wis. 2d 531, ¶ 40 (quoting Steven V. v. Kelley H. , 2004 WI 47, ¶ 36, 271 Wis. 2d 1, 678 N.W.2d 856 ) (alteration in original). The court has identified abandonment as one of these fact-intensive grounds. Steven V. , 271 Wis. 2d 1, ¶ 36. Nevertheless, the court has not held that abandonment can never form the basis for summary judgment. See Bobby G. , 301 Wis. 2d 531, ¶ 40. Instead, the court has emphasized that "[t]he propriety of summary judgment is determined case-by-case." Id. (quoting Steven V. , 271 Wis. 2d 1, ¶ 37 n.4 ) (alteration in original).
¶11 Parents are entitled to effective assistance of counsel in proceedings to involuntarily terminate parental rights. See A.S. v. State , 168 Wis. 2d 995, 1004, 485 N.W.2d 52 (1992) ; WIS. STAT. § 48.23(2)(b). To establish ineffective assistance of counsel, L.O.O. must show that counsel's performance was deficient and prejudicial. Strickland v. Washington , 466 U.S. 668, 687 (1984). To prove deficient performance, L.O.O. must establish that counsel's conduct fell below an objective standard of reasonableness. State v. Thiel , 2003 WI 111, ¶¶ 18-19, 264 Wis. 2d 571, 665 N.W.2d 305. To prove prejudice, L.O.O. must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. , ¶20 (quoting Strickland , 466 U.S. at 694 ).
¶12 Our review of an ineffective assistance of counsel claim presents a mixed question of fact and law. Id. , ¶ 21. We do not disturb the circuit court's findings of fact unless they are clearly erroneous. Id. "We review de novo the legal questions of whether deficient performance has been established and whether it led to prejudice rising to a level undermining the reliability of the proceeding." Id. , ¶ 24. A court reviewing a claim of ineffective assistance of counsel "may reverse the order of the two tests or avoid the deficient performance analysis altogether if the defendant has failed to show prejudice." State v. Johnson , 153 Wis. 2d 121, 128, 449 N.W.2d 845 (1990).
II. There Is No Genuine Factual Dispute That Abandonment Occurred From January 28, 2016 to May 2, 2016.
¶13 The parties do not dispute the first two elements of abandonment, a court order and notice. WIS. STAT. § 48.415(1)(a)2. Instead, the parties train their attention on whether there was a three-month period of abandonment at any point. Accordingly, I address only the issue of whether there existed one three-month period of abandonment. Specifically, I focus on the alleged period of abandonment from January 28, 2016 to May 2, 2016 and conclude that the County has made a prima facie case of abandonment for that period and L.O.O. has not shown that there is a genuine issue of material fact for that period. Accordingly, the County was entitled to judgment as a matter of law on abandonment.
¶14 L.O.O. admitted in his deposition that he had no contact with A.D.O. while an active child support warrant was issued against him, from January 28, 2016 to April 27, 2016. L.O.O. visited with A.D.O. on January 28, 2016, so L.O.O.'s admission, standing alone, established abandonment from January 29, 2016 to April 27, 2016, two days short of the required three-month period.
¶15 L.O.O.'s admission does not stand alone in the record. The County's motion for partial summary judgment included an affidavit from A.D.O.'s foster parent, with whom A.D.O. was placed for the entirety of the relevant period. The affidavit stated that L.O.O. did not have contact with A.D.O. from January 28, 2016 to May 2, 2016. The County's motion also included an affidavit from the case worker assigned to A.D.O.'s case. The case worker reviewed the paper file and electronic notes that the County maintained for the case. At the hearing on the motion for summary judgment, it was undisputed that the County kept accurate and complete records, and L.O.O.'s briefing in this court does not contend otherwise. The case worker's affidavit states that L.O.O. did not have contact with A.D.O. between January 28, 2016 and May 2, 2016. Thus, the County set forth specific information and dates and made a prima facie case of abandonment for the period from January 28, 2016 to May 2, 2016.
¶16 L.O.O. does not attempt to rebut the County's prima facie case by arguing that he had good cause for having failed to visit or communicate with A.D.O. throughout the relevant time period. WIS. STAT. § 48.415(1)(c)1., 2. ; see also Odd S.-G. , 194 Wis. 2d at 372. Instead, L.O.O. argues that the County relied only on L.O.O.'s admission to establish the dates of the period of abandonment. But, as shown, the record includes two affidavits in which the affiants stated that L.O.O. did not visit or communicate with A.D.O. between January 28, 2016 and May 2, 2016. Even though L.O.O.'s admission, standing alone, did not establish the requisite three-month period of abandonment, the County set forth other specific facts in support of the alleged period of abandonment. L.O.O., on the other hand, has not alleged any visitation or communication with A.D.O. during this period. The closest that L.O.O. comes to alleging visitation or communication with A.D.O. around this period is his allegation that he visited with A.D.O. on or about May 7, 2016, but that date falls outside of the relevant period. Therefore, L.O.O.'s argument rests solely on what he claims is a deficiency in the County's prima facie showing. That does not create a genuine factual dispute in this instance.
¶17 To confirm the point, L.O.O. does not even mention the period between January 28, 2016 and May 2, 2016 in his reply brief in this court and, therefore, has conceded the argument. See Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp. , 90 Wis. 2d 97, 108-09, 279 N.W.2d 493 (Ct. App. 1979) (unrefuted arguments are deemed conceded).
¶18 In sum, L.O.O. has not alleged any visitation or communication with A.D.O. between January 28, 2016 and May 2, 2016, nor has he alleged that good cause existed for his failure to visit or communicate with A.D.O. during this period. Therefore, L.O.O. has not shown that there exists a genuine factual dispute as to this period. Accordingly, I conclude that the County is entitled to judgment as a matter of law on abandonment. As the circuit court noted, any "one [period of abandonment] would have been enough" to satisfy WIS. STAT . § 48.415(1)(a)2.
III. Counsel's Performance Did Not Prejudice L.O.O.
¶19 L.O.O. argues that he received ineffective assistance of counsel. The basis for this claim is that L.O.O.'s counsel failed to investigate further and interview L.O.O.'s mother, with whom A.D.O. resided between June 5, 2012 and July 31, 2014. However, A.D.O.'s placement with L.O.O.'s mother does not coincide with the relevant period of abandonment, January 28, 2016 to May 2, 2016. Even if L.O.O.'s counsel had investigated further and interviewed L.O.O.'s mother, the County would have been entitled to summary judgment on abandonment for this time period. Accordingly, L.O.O.'s counsel's performance did not prejudice L.O.O. Because I conclude that L.O.O. has not satisfied the prejudice prong, I do not reach the question of whether deficient performance has been established.
CONCLUSION
¶20 For the foregoing reasons, I affirm.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(e) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

The parties' briefs in this court are lacking in appropriate citations to the record. I remind counsel of their obligations to provide proper citations to the parts of the record relied upon in accordance with Wis. Stat. Rule 809.19(1)(e), (3)(a)2.