## COURT OF APPEALS
## DECISION
## DATED AND FILED

## January 3, 2020

**Sheila T. Reiff**
**Clerk of Court of Appeals**

## NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.**  **2019AP475**
**2019AP476**
**STATE OF WISCONSIN**

Cir. Ct. Nos. 2017TP114
2017TP115

**IN COURT OF APPEALS**
**DISTRICT I**

IN RE THE TERMINATION OF PARENTAL RIGHTS TO M.M., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

       PETITIONER-RESPONDENT,

   V.

A.M.,

       RESPONDENT-APPELLANT.

IN RE THE TERMINATION OF PARENTAL RIGHTS TO V.A.-M., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

       PETITIONER-RESPONDENT,

   V.

**A.M.,**

APPEALS from orders of the circuit court for Milwaukee County: CHRISTOPHER R. FOLEY, Judge. *Affirmed*.

¶1 DONALD, J.[1] A.M., *pro se*, appeals the orders terminating her parental rights to her children, M.M. and V.A.-M. A.M. contends that she received ineffective assistance of counsel and that the circuit court failed to consider the appropriate factors in rendering its decision. We affirm.

## BACKGROUND

¶2 On June 20, 2017, the State filed petitions to terminate A.M.'s parental rights to two of her children, M.M. and V.A.-M. The petitions alleged failure to assume parental responsibility and that the children were in continuing need of protection or services (continuing CHIPS).

¶3 A.M. pled no contest to the ground of continuing CHIPS and the failure to assume parental responsibility was dismissed. The circuit court conducted a colloquy with A.M. to ascertain that her plea was knowing, voluntary, and intelligent. The circuit court informed A.M. that by pleading no contest she was "giving up [her] right to tell [her] side of the story … and/or tell [her] side of

---

[1] These appeals are decided by one judge pursuant to WIS. STAT. § 752.31 (2)(e) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

the story through other witnesses[.]" A.M. stated that she understood. The circuit court also confirmed that A.M. discussed her plea decision with counsel, that counsel answered all of A.M.'s questions, and that A.M. did not have any outstanding questions or concerns. The circuit court accepted A.M.'s plea.

¶4     The circuit court then heard testimony from Lauren Zittel, A.M.'s ongoing case manager. Zittel testified that while A.M. made progress on some of the conditions for the children's return, A.M. did not consistently maintain her sobriety, control her mental health, put her children's needs ahead of her own, or keep a safe living environment for the children. Zittel testified that A.M. was unable to maintain stable housing and that her mental health condition would lead to aggressive and impulsive decision-making. The circuit court made the necessary unfitness finding.

¶5     The matter proceeded to disposition where Zittel, the children's foster father, and A.M. testified. Zittel testified that the children were likely to be adopted and that their foster family is an adoptive resource. Zittel stated that while the children maintain a loving relationship with their mother, A.M. did not demonstrate an ability to control her mental health, did not follow through with therapy, and was unable to provide a safe living environment for the children.

¶6     S.S., the foster father for the children, testified that he and his wife were an adoptive resource for the children. S.S. stated that the children maintained contact with A.M. and were bonded with their mother and that he would allow the children to maintain a relationship with A.M. so long as it remained beneficial to the children. S.S. stated that the children were well adjusted, thriving socially, and in a secure home.

¶7 A.M. told the circuit court that she suffered from depression but was seeking therapy. She also stated that she was working on obtaining permanent housing.

¶8 The circuit court issued a written decision, finding termination of A.M.'s parental rights to be in the best interests of the children. This appeal follows.[2]

## DISCUSSION

¶9 On appeal, as best as we can discern, A.M. contends that counsel was ineffective for failing to raise "key factors" during the termination proceedings. A.M. also appears to contend that the circuit court failed to consider the appropriate factors when determining that termination was in the children's best interests.

**Counsel did not render ineffective assistance.**

¶10 Parents have the right to effective assistance of counsel in actions to involuntarily terminate parental rights. *See A.S. v. State*, 168 Wis. 2d 995, 1004, 485 N.W.2d 52 (1992); WIS. STAT. § 48.23(2)(b). Ineffective assistance of counsel claims in a termination of parental rights proceeding are analyzed using the two-part test described in *Strickland v. Washington*, 466 U.S. 668, 687

---

[2] A.M. filed a notice of intent to pursue postdisposition relief. Postdisposition counsel filed a motion to withdraw on the basis that A.M. wished to proceed *pro se*. The circuit court denied the motion and counsel filed a no-merit report. This court rejected the no-merit, stating that A.M. could pursue an arguably meritorious challenge to the circuit court's orders denying her request to discharge counsel and to represent herself on appeal. A.M. then filed a motion for reconsideration in the circuit court. The circuit court granted the motion, allowing postdisposition counsel to withdraw and A.M. to proceed *pro se*.

(1984). *See Oneida Cty. DSS v. Nicole W.*, 2007 WI 30, ¶33, 299 Wis. 2d 637, 728 N.W.2d 652. To obtain relief based on ineffective assistance of counsel, A.M. has the burden to prove both deficient performance and prejudice. *See Strickland*, 466 U.S. at 687. Performance is deficient if it falls below an objective standard of reasonableness. *Id.* at 688. To show prejudice, A.M. must show a reasonable probability that, but for counsel's unprofessional conduct, the result of the proceedings would have been different. *See id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceeding. *Id.* If A.M.'s argument falls short with respect to either deficient performance or prejudice, her claim of ineffective assistance fails. *See State v. Smith*, 2003 WI App 234, ¶15, 268 Wis. 2d 138, 671 N.W.2d 854 ("A court need not address both components of this inquiry if the defendant does not make a sufficient showing on one.").

¶11 "A claim for ineffective assistance of counsel is a mixed question of fact and law." *State v. Wood*, 2010 WI 17, ¶16, 323 Wis. 2d 321, 780 N.W.2d 63. This court will sustain the circuit court's findings of fact "unless they are clearly erroneous." *See State v. Doss*, 2008 WI 93, ¶23, 312 Wis. 2d 570, 754 N.W.2d 150. "Whether counsel's performance was deficient and prejudicial to his or her client's defense is a question of law that we review *de novo*." *State v. Hunt*, 2014 WI 102, ¶22, 360 Wis. 2d 576, 851 N.W.2d 434.

¶12 A.M. contends that counsel failed to bring "key factors" to the circuit court's attention. A.M. does not specify what exactly counsel should have raised before the circuit court, but implies that counsel should have offered more positive information about A.M.'s mental health. The record does not support A.M.'s contention that counsel rendered ineffective assistance. The record establishes that counsel explained each step of the termination proceedings to

A.M. and that A.M. had opportunities to speak with the court directly and raise any concerns. Moreover, at the disposition hearing, counsel cross-examined Zittel and brought many positive factors to the circuit court's attention. Through cross-examination, counsel established that A.M. did meet some of the conditions for the children's return, that A.M. was consistent with her visits with the children, and that the children were bonded with A.M. Counsel also questioned A.M. directly, asking A.M. about her mental health and the steps A.M. was taking to control her mental health issues. A.M. told the circuit court that she understood the importance of controlling her mental health issues and that she was seeking psychological help. A.M. does not specify what more she wished counsel to bring to the circuit court's attention. Accordingly, A.M. has not established that counsel rendered ineffective assistance.

### The circuit court considered the appropriate factors.

¶13 A.M. also argues that the circuit court "[did not] look at the broader picture" and based its decision solely on what Zittel "had to say." At its core, A.M.'s argument is really a complaint about the weight and consideration the circuit court gave to Zittel's testimony. A.M. essentially asks that this court weigh the evidence differently from the circuit court. However, the weight and credibility of the evidence are solely for the circuit court to determine. *See Bonstores Realty One, LLC v. City of Wauwatosa*, 2013 WI App 131, ¶6, 351 Wis. 2d 439, 839 N.W.2d 893.

¶14 Here, the circuit court assessed the credibility of the witnesses, and, considering the factors set forth in WIS. STAT. § 48.426, determined that termination was in the children's best interests. When assessing whether termination is warranted, the circuit court is required to focus on what is in the

child's best interests. ***Id.*** In doing so, the circuit court should consider any relevant evidence, but must consider the following six statutory factors:

> (a) The likelihood of the child's adoption after termination.
>
> (b) The age and health of the child, both at the time of the disposition and, if applicable, at the time the child was removed from the home.
>
> (c) Whether the child has substantial relationships with the parent or other family members, and whether it would be harmful to the child to sever these relationships.
>
> (d) The wishes of the child.
>
> (e) The duration of the separation of the parent from the child.
>
> (f) Whether the child will be able to enter into a more stable and permanent family relationship as a result of the termination, taking into account the conditions of the child's current placement, the likelihood of future placements and the results of prior placements.

Sec. 48.426(3); ***Sheboygan Cty. DHHS v. Julie A.B.***, 2002 WI 95, ¶¶28-29, 255 Wis. 2d 170, 648 N.W.2d 402.

¶15    The circuit court is not required to afford greater weight to any particular factor in WIS. STAT. § 48.426(3), and this court will defer to the circuit court as to the weight it gives various factors and affirm so long as the circuit court properly examined each factor. *See* ***State v. Margaret H.***, 2000 WI 42, ¶¶29, 35, 234 Wis. 2d 606, 610 N.W.2d 475. Here, the record plainly shows that the circuit court took into consideration each of the factors in § 48.426(3).

¶16    The circuit court noted in its final decision that the children were both adoptable and had been out of their parental home since 2016. The circuit court noted that the children are "highly conflicted and confused children, incapable of intelligently assessing whether they can safely return to their

7

mother's care," but that they desire to maintain a relationship with their mother. The circuit court placed special emphasis on the children's relationship with A.M., as well as its concerns about A.M.'s ability to provide a safe and stable home for the children. The circuit court noted that while the children love their mother deeply, A.M. is unable to provide for the children's physical, emotional, and psychological needs. The circuit court also found that A.M.'s mental health struggles present a safety risk to the children. We conclude that the circuit court properly weighed the evidence and considered the necessary factors in determining that termination of A.M.'s parental rights was in the best interests of her children.

¶17     For the foregoing reasons, we affirm.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.