COURT OF APPEALS
DECISION
DATED AND FILED

August 28, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.   **2024AP1174**

**STATE OF WISCONSIN**

Cir. Ct. No.  2023TP23

**IN COURT OF APPEALS
DISTRICT II**

IN RE THE TERMINATION OF PARENTAL RIGHTS TO J.S., A PERSON UNDER THE AGE OF 18:

E.S.,

   PETITIONER-RESPONDENT,

 V.

K.R.K.,

   RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Waukesha County: BRAD SCHIMEL, Judge. *Affirmed*.

¶1     GROGAN, J.[1]  K.R.K. appeals from an order terminating her parental rights to her son, John.[2]  K.R.K. does not appeal the circuit court's finding that grounds existed to terminate her parental rights.  She also does not challenge the merits of the circuit court's finding that it was in John's best interests to terminate her parental rights.  Instead, she argues that WIS. STAT. § 48.426 is facially unconstitutional because it does not impose a clear and convincing burden of proof standard at the dispositional phase of the termination of parental rights (TPR) proceedings.  Based on her argument, she asks this court to vacate the order terminating her parental rights and remand this matter for a new dispositional hearing requiring that the circuit court apply the clear and convincing burden of proof.[3]  Alternatively, K.R.K. asserts that even if the statute is constitutional, she is entitled to a new dispositional hearing because the circuit court did not apply the preponderance of the evidence standard articulated in ***State v. H.C.***,

---

[1]  This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2]  This court uses a pseudonym for confidentiality.  *See* WIS. STAT. RULE 809.81(8).

[3]  In her Reply brief, K.R.K. seemingly abandons her request for a new hearing applying the clear and convincing burden of proof should this court agree that WIS. STAT. § 48.426 is unconstitutional and instead cites to ***State v. Bush***, 2005 WI 103, ¶17, 283 Wis. 2d 90, 699 N.W.2d 80, for the proposition that "if the facial attack on the statute [is] correct, the statute would be null and void, and the court would be without the power to act under the statute." Based on ***Bush***, K.R.K. says that because § 48.426 is unconstitutional, "[t]he remedy is for the legislature to amend the statute, and for this court to vacate the judgment terminating [her] rights."  She says nothing in her Reply brief about remanding the matter for a new dispositional hearing applying the clear preponderance of the evidence standard.  Because this court ultimately concludes that § 48.426 is not unconstitutional, it is unnecessary to further address this apparent discrepancy in K.R.K.'s requests for relief.

No. 2023AP1950, unpublished slip op. (WI App Mar. 5, 2024).[4]   This court affirms.

## I. BACKGROUND

¶2     John was born in 2010 to nonmarital parents E.S. and K.R.K. Although E.S. and K.R.K. initially shared placement of John, the circuit court modified placement to fifty/fifty in 2016.  In December 2017, police contacted E.S. after K.R.K. was arrested for shoplifting while at a department store with John.   The last time K.R.K. saw or spoke to John was in or around December 2017.

¶3     In August 2023, E.S. filed a Petition seeking to terminate K.R.K.'s parental rights, and he amended the Petition in October 2023.  E.S. alleged two grounds existed to terminate K.R.K.'s parental rights:  (1) she abandoned John by leaving him with E.S. and thereafter did not contact or communicate with John for over six years (WIS. STAT. § 48.415(1)(a)3; and (2) she failed to assume parental responsibility for John (§ 48.415(6)).  E.S. sought to terminate K.R.K.'s rights at least in part because he had gotten married, and his wife wanted to adopt John, who was thirteen years old at the time the TPR proceedings began.

¶4     K.R.K., who is incarcerated on charges for child neglect and false imprisonment related to two of her other children (neither of whom she shared

---

[4] ***State v. H.C.***, No. 2023AP1950, unpublished slip op. (WI App Mar. 5, 2024), is an unpublished one-judge opinion and is therefore not binding on this court.  *See* WIS. STAT. RULE 809.23(3)(b) ("[A]n unpublished opinion … is not binding on any court of this state.  A court need not distinguish or otherwise discuss an unpublished opinion and a party has no duty to research or cite it.").  H.C. filed a petition for review in the Wisconsin Supreme Court on April 4, 2024, and that petition remains pending as of this opinion's release date.

with E.S.),[5] contested the Petition and requested a jury trial for the grounds phase. E.S. filed a motion for summary judgment on grounds because it was undisputed that K.R.K. had had no contact with John for over six years.[6] The circuit court granted the motion for summary judgment, and the case proceeded to the dispositional phase. At the dispositional hearing, E.S. testified and presented evidence as to why terminating K.R.K.'s parental rights was in John's best interests. The guardian ad litem provided additional information as to why it was in John's best interests to terminate K.R.K.'s parental rights. K.R.K. did not call any witnesses, and she did not testify herself. When the court asked if she wished to make a statement, K.R.K.'s counsel responded: "I've asked her several times, and she is not in a place where she feels like she can make a statement to the Court."

¶5      The circuit court, after addressing the required WIS. STAT. § 48.426 factors, found that it was in John's best interests to terminate K.R.K.'s parental rights and entered an order to that effect. K.R.K. appeals.

## II. DISCUSSION

¶6      K.R.K. raises two arguments on appeal. First, she asserts that WIS. STAT. § 48.426 is facially unconstitutional because it does not require that the clear and convincing burden of proof be applied at the dispositional hearing. She

---

[5] At the time of the dispositional hearing, K.R.K. had been convicted of these charges and had been sentenced to a twenty-year sentence consisting of ten years' initial confinement followed by ten years' extended supervision.

[6] K.R.K.'s attorney filed an affidavit stating that K.R.K. "maintains that there was contact in 2017/2018[.]" K.R.K. did not submit any evidence to support this statement aside from her attorney's affidavit, and even assuming this is true, more than six months had clearly elapsed since K.R.K. had last had contact with John.

therefore contends that she was not afforded due process during the dispositional hearing and requests that the TPR order be vacated and she be given a new dispositional hearing applying the clear and convincing standard. Alternatively, she argues that even if the statute is not unconstitutional, she nevertheless is entitled to a new dispositional hearing based on *H.C.*, No. 2023AP1950, which held that the ordinary preponderance of the evidence burden of proof applies at the dispositional hearing. *See id.*, ¶44. She claims the circuit court in her case, contrary to *H.C.*, did not apply any burden of proof in its best interests analysis.[7]

¶7 Whether a statute and the application of a statute are constitutional are questions of law that this court reviews independently. *See Dane Cnty. DHS v. P.P.*, 2005 WI 32, ¶14, 279 Wis. 2d 169, 694 N.W.2d 344. "Statutes are presumptively constitutional. The court indulges every presumption to sustain the law if at all possible, and if any doubt exists about a statute's constitutionality, we must resolve that doubt in favor of constitutionality." *State v. McKellips*, 2016 WI 51, ¶29, 369 Wis. 2d 437, 881 N.W.2d 258 (quoted source omitted). "The burden to prove a statute unconstitutional rests with the party challenging it." *Mayo v. Wisconsin Injured Patients & Fams. Comp. Fund*, 2018 WI 78, ¶68, 383 Wis. 2d 1, 914 N.W.2d 678 (Rebecca Grassl Bradley, J., concurring).

*A. WISCONSIN STAT. § 48.426 Is Not Facially Unconstitutional.*

¶8 K.R.K. asserts that WIS. STAT. § 48.426 violates her right to due process because it did not require E.S. to prove by clear and convincing evidence at the dispositional phase of the TPR proceeding that it was in John's best interests

---

[7] This court notes that the dispositional hearing in this matter was held on February 28, 2024, less than one week prior to the March 5, 2024 release of the *H.C.* opinion.

to terminate her parental rights. K.R.K relies on **_Santosky v. Kramer_**, 455 U.S. 745 (1982), in support of her constitutional argument, and while acknowledging that **_Santosky_** involved only the grounds phase of TPR proceedings, she nevertheless claims its reasoning is equally applicable at the dispositional phase.

¶9     This court rejects K.R.K.'s contention. In **_Santosky_**, the Supreme Court held a New York TPR statute unconstitutional because it did not require proof of clear and convincing evidence as to the first phase—the "grounds" or "unfitness" phase—of TPR proceedings. **_Id._** at 751-52, 769. In doing so, the Court explained that due process requires proof by clear and convincing evidence that a parent is unfit before the state may terminate the fundamental right to parent. **_Id._** at 769. In reaching that conclusion, the **_Santosky_** Court noted that many states, including Wisconsin, require that the clear and convincing burden be applied at the grounds phase either directly via statute or because such a burden has been so required by the courts. **_Id._** at 749 n.3.

¶10     There is nothing in **_Santosky_**, however, that leads this court to conclude that the clear and convincing burden of proof should be extended to the dispositional phase. In fact, the **_Santosky_** Court signaled the opposite conclusion by acknowledging that after grounds have been proven by clear and convincing evidence and a parent is found unfit, the focus shifts to the _child's_ interests and a parent's rights are not considered in determining the ultimate disposition. _See_ **_id._** at 760 (a "judge … has no obligation to consider the natural parents' rights in selecting dispositional alternatives"). Thus, **_Santosky_** does not compel a conclusion that WIS. STAT. § 48.426 is unconstitutional, and K.R.K. fails to cite to any other legal authority stating that due process requires that a clear and

convincing burden of proof be applied at the dispositional portion of a TPR proceeding.[8] This court therefore concludes that K.R.K. has failed to satisfy her burden of proving § 48.426 is unconstitutional,[9] and accordingly, she is not

---

[8] This case is also distinguishable from *Santosky v. Kramer*, 455 U.S. 745 (1982), because *Santosky* involved the *state* seeking to terminate the parental rights of both natural parents, and the *Santosky* analysis therefore addressed due process in that context. Here, by contrast, it is John's *father*—not the state—who seeks to terminate K.R.K.'s parental rights based on the undisputed fact that K.R.K. abandoned John and will be incarcerated until long after John enters adulthood. Additionally, the *Santosky* Court's analysis on balancing pertinent factors is limited to the factfinding stage—not the dispositional stage. For example, in *Santosky*, the Court held that the private interest affected (parental status) "weighs heavily" in favor of requiring the higher burden of proof because at the *factfinding* phase, the court is not considering "whether the natural parents or the foster parents would provide the better home." *Id.* at 759. "After the State has established parental unfitness at [the factfinding phase], the court may assume at the *dispositional* stage that the interests of the child and the natural parents do diverge." *Id.* at 760.

[9] This court further notes that in two recent opinions, our supreme court has indicated that the only standard that applies at the dispositional phase of a TPR proceeding is the child's best interests. *See State v. A.G.*, 2023 WI 61, ¶33, 408 Wis. 2d 413, 992 N.W.2d 75; *State v. B.W.*, 2024 WI 28, ¶¶88-89, 412 Wis. 2d 364, 8 N.W.3d 22 (Ziegler, C.J., concurring).

In *A.G.*, a fractured decision, Justice Rebecca Grassl Bradley noted in the lead opinion that WIS. STAT. § 48.426 "*does not impose a burden* on the State to prove that termination is in the child's best interests." *A.G.*, 408 Wis. 2d 413, ¶33 (emphasis added). Rather, *A.G.* said, § 48.426 "provides only that '[t]he best interests of the child shall be the prevailing factor considered by the court in determining the disposition of all proceedings under this subchapter[,]'" and thus, because "[t]he 'polestar' at a dispositional hearing is simply the best interests of the child[,]" applying a clear and convincing burden of proof at the dispositional phase is erroneous. *A.G.*, 408 Wis. 2d 413, ¶33 (first alteration in original; citations omitted).

Just a few months ago, Chief Justice Annette Ziegler likewise noted in her concurrence in *B.W.* that "[t]here is no burden of proof under WIS. STAT. § 48.426(2) at disposition because the statute does not provide for one" and that "considerations of procedural due process do not require one." *B.W.*, 412 Wis. 2d 364, ¶88 (Ziegler, C.J., concurring). Chief Justice Ziegler further noted that at the dispositional phase of a TPR proceeding, "[a] parent's procedural due process concerns are also lessened … because the court has already decided that the grounds exist to find the parent unfit." *Id.* Thus, she said, "there is no burden of proof required at disposition in [TPR] proceedings under § 48.426(2). Rather, the court's decision at the disposition phase is one within the sound and sole discretion of the court: what is in the child's best interests." *B.W.*, 412 Wis. 2d 364, ¶89 (Ziegler, C.J., concurring).

(continued)

entitled to a new dispositional hearing applying the clear and convincing burden of proof.

### B. K.R.K. Is Not Entitled to a New Dispositional Hearing.

¶11     K.R.K. alternatively argues that she is entitled to a new dispositional hearing based on *H.C.*, No. 2023AP1950, which held that WIS. STAT. § 48.426 is constitutional because the ordinary burden of proof is implicit within the statute.[10]

---

To be sure, both *A.G.* and *B.W.* are distinguishable in that these statements were made within the context of what WIS. STAT. § 48.426's statutory language itself requires—not whether § 48.426 is unconstitutional. Nevertheless, the above-referenced statements are instructive as to whether the absence of a clear and convincing burden of proof renders § 48.426 unconstitutional—particularly Chief Justice Ziegler's conclusion that procedural due process does not require a burden of proof at the dispositional phase of a TPR proceeding. *See B.W.*, 412 Wis. 2d 364, ¶88 (Ziegler, C.J., concurring).

[10] In concluding that the ordinary preponderance of the evidence standard is implicit in WIS. STAT. § 48.426, the *H.C.* court did not cite to *S.D.S. v. Rock Cnty. DSS*, 152 Wis. 2d 345, 356-57, 448 N.W.2d 282 (Ct. App. 1989), which held that in civil matters, the ordinary burden of proof applies when the statute is silent as to a specific burden of proof. Although *S.D.S.* addressed a statute arising under the child in need of protection and/or services (CHIPS) statutes, both CHIPS and TPR proceedings are civil in nature. *See C.N. v. Waukesha Cnty. Cmty. HSD*, 143 Wis. 2d 603, 610-11, 422 N.W.2d 450 (Ct. App. 1988), *overruled on other grounds by A.S. v. State*, 168 Wis. 2d 995, 1004-05, 485 N.W.2d 52 (1992); *see also M.W. v. Monroe Cnty. DHS*, 116 Wis. 2d 432, 442, 342 N.W.2d 410 (1984) ("Although serious human rights are implicated in the termination-of-parental rights proceedings, the proceeding is civil in nature."). It is unclear whether the statement in *S.D.S.* would control in a TPR dispositional proceeding, however, given Justice Rebecca Grassl Bradley's statement in the *A.G.* lead opinion that the circuit court had "mistakenly imposed a clear and convincing evidentiary burden on the State" in determining whether termination was in the child's best interests, *A.G.*, 408 Wis. 2d 413, ¶38, and Chief Justice Ziegler's more recent statement in *B.W.* that "[t]here is no burden of proof under WIS. STAT. § 48.426(2) at disposition because the statute does not provide for one[,]" *B.W.*, 412 Wis. 2d 364, ¶88 (Ziegler, C.J., concurring).

K.R.K., like the *H.C.* court, did not cite to *S.D.S.* in her brief. She likewise did not address whether *S.D.S.* would control over the aforementioned recent statements in our supreme court's *A.G.* and *B.W.* opinions. Because K.R.K. does not develop any argument as to whether *S.D.S.* stands for the proposition that the ordinary burden of proof applies in *TPR* dispositional proceedings and whether any such conclusion conflicts with more recent supreme court statements suggesting otherwise, this court will not address it. *See Service Emps. Int'l Union, Loc. 1 v. Vos*, 2020 WI 67, ¶24, 393 Wis. 2d 38, 946 N.W.2d 35 ("We do not step out of our neutral role to develop or construct arguments for parties; it is up to them to make their case.").

(continued)

*H.C.*, No. 2023AP1950, ¶44.  K.R.K. contends the circuit court erred in her case because it did not apply *any* burden of proof when it found John's best interests required termination of K.R.K.'s parental rights.  Thus, she requests that this court reverse and remand for a new dispositional hearing and require that the circuit court evaluate John's best interests under the preponderance of the evidence standard.

¶12    Although the circuit court here did not explicitly reference the preponderance of the evidence standard, a review of the Record demonstrates that E.S. proved by *at least* the preponderance of the evidence that it was in John's best interests to terminate K.R.K.'s parental rights.  Moreover, at the dispositional hearing, the court specifically noted that there is "a *high* burden" when a party seeks to terminate a parent's parental rights.  (Emphasis added.)  This suggests that at a minimum, the court applied the preponderance of the evidence standard— the lowest of the three evidentiary burdens—in analyzing John's best interests under WIS. STAT. § 48.426.  *See Marquez v. Mercedes-Benz USA, LLC*, 2012 WI 57, ¶¶36-37, 341 Wis. 2d 119, 815 N.W.2d 314, *clarified on denial of reconsideration*, 2012 WI 74, 342 Wis. 2d 254, 823 N.W.2d 266 (explaining the three burdens of proof).[11]  Because the Record shows E.S. submitted proof that at

---

This court also notes that the *H.C.* court held that the burden at the dispositional phase may be on both parties.  *H.C.*, No. 2023AP1950, ¶35.  There is no controlling precedent on this question.

[11] *Marquez v. Mercedes-Benz USA, LLC*, 2012 WI 57, ¶¶36-37, 341 Wis. 2d 119, 815 N.W.2d 314, *clarified on denial of reconsideration*, 2012 WI 74, ¶¶36-37, 342 Wis. 2d 254, 823 N.W.2d 266, explained:

(continued)

least satisfied the preponderance of the evidence standard, this court rejects K.R.K.'s request that she receive a new dispositional hearing applying that very same standard.[12]

## III. CONCLUSION

¶13    Based on the foregoing, this court concludes K.R.K. failed to prove that WIS. STAT. § 48.426 is facially unconstitutional; moreover, the Record shows that K.R.K. received the due process she was entitled to at the dispositional hearing:    She received notice and an opportunity to be heard—both of the

---

> There are three burdens of proof.  The highest burden of proof applies in criminal cases, where the state has the burden of convincing the jury beyond a reasonable doubt of the defendant's guilt.  In certain civil cases, a middle burden of proof is used, which is commonly described as requiring "clear and convincing" evidence.  To meet the middle burden in Wisconsin, a party must convince the jury to a reasonable certainty by evidence that is clear, satisfactory, and convincing.
>
> In most civil cases, the lowest, ordinary burden of proof applies, requiring what is commonly referred to as a "preponderance of the evidence."  In Wisconsin, the jury must be satisfied to a reasonable certainty by the greater weight of the credible evidence."

(Footnotes omitted).

[12] As previously noted, K.R.K. does not challenge the merits of the circuit court's best interests analysis aside from her evidentiary standard of proof argument.  It is therefore unnecessary for this court to further address whether the circuit court erroneously exercised its discretion in considering the required WIS. STAT. § 48.426(3) factors that the circuit court "shall" consider in making its best interests decision.  *See Gerald O. v. Cindy R.*, 203 Wis. 2d 148, 152, 551 N.W.2d 855 (Ct. App. 1996) (circuit court's decision to terminate parental rights is discretionary); WIS. STAT. § 805.17(2) (factual findings are upheld unless clearly erroneous).  Nevertheless, it is clear to this court from having reviewed the Record that the circuit court did not erroneously exercise its discretion.  Specifically, the GAL strongly advocated that it was in John's best interests to terminate K.R.K.'s parental rights, and K.R.K did not present any evidence to the contrary.  In sum, every single statutory factor indicated that it was in John's best interests to terminate K.R.K.'s parental rights.

mainstay requirements for due process. *See **State ex rel. Schatz v. McCaughtry***, 2003 WI 80, ¶18, 263 Wis. 2d 83, 664 N.W.2d 596 ("Due process requires that there be an opportunity to be heard upon such notice and proceedings as are adequate to safeguard the right for which the constitutional protection is invoked.") Furthermore, K.R.K.'s parental rights were not terminated lightly—the clear and convincing burden of proof applied at the grounds phase, and the circuit court applied a "high" burden at disposition—and she had the assistance of counsel. K.R.K was also afforded the opportunity to cross-examine witnesses, to challenge E.S.'s evidence, to call her own witnesses, to introduce evidence, to testify on her own behalf, and to make a statement. Accordingly, there is simply no basis upon which to order a new dispositional hearing.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

11